UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN FAZIO, JR.,
                     Petitioner,

        -v-

UNITED STATES OF AMERICA,
                     Respondent.
------------------------------------------------------------X

16-cv-7792 (KBF)
11-cr-0873 (KBF)

OPINION & ORDER

KATHERINE B. FORREST, District Judge:

    John Fazio, Jr., currently incarcerated at F.C.I. Fort Dix, brings a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Fazio was sentenced on September 13, 2012 to 135 months of incarceration and $2.5 million in restitution and forfeiture for racketeering conspiracy under 18 U.S.C. § 1962(d); racketeering under 18 U.S.C. § 1962(c); extortion conspiracy in violation of the Hobbs Act, 18 U.S.C. § 1951; receiving unlawful labor payments in violation of 29 U.S.C. § 186(b)(1) and (d)(2); and conspiracy to commit money laundering in violation of the Hobbs Act, 18 U.S.C. § 1956(b). Fazio's petition asserts ineffective assistance of counsel at sentencing with respect to the loss calculation as well as the restitution and forfeiture penalties.

    For the reasons set forth below, the petition is DENIED.

I.    BACKGROUND

    In 2012, John Fazio, Jr., ("Fazio" or "petitioner") was convicted of a number of crimes relating to misconduct as vice president and, later, secretary treasurer of a labor union. As the facts of this case are laid out extensively elsewhere, (see, e.g.,

ECF Nos. 125–30, Trial Tr.; ECF No. 15, Mem. of Law of the United States of America in Opp'n to Pet'r John Fazio's Pet. Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct His Sentence, at 3–5), the Court provides only an overview of those aspects most relevant to this § 2255 petition.

With his uncle, Anthony Fazio, Sr., and cousin, Anthony Fazio, Jr., petitioner used his position as the leader of a union to extort payoffs and secure illegal kickbacks from union employers. (Presentence Investigation Report ("PSR") ¶ 32.) To secure these payments, Fazio threatened employers with labor disruptions and/or physical harm. (Id. ¶¶ 32, 39.) The defendants also participated in a money laundering scheme to hide these payments. (Id. ¶ 33.) The loss to the union membership was approximately $2.5 million, and the value of the prohibited payments and theft of union funds exceeded that amount. (Id. ¶¶ 40, 48.)

At trial, Fazio was represented Gerald McMahon and Mathew Mari. At sentencing, he was represented by Ronald Fischetti. The Court imposed a sentence of incarceration for 135 months, as well as restitution and forfeiture of $2,500,000. On his direct appeal to the Second Circuit, Fazio challenged, inter alia, this Court's sentence—including its calculation of the loss amount—as procedurally unreasonable. The Second Circuit rejected the appeal on all grounds. United States v. Fazio, 770 F.3d 160, 170 (2d Cir. 2014).

II.  LEGAL PRINCIPLES

Petitioner asserts that ineffective assistance of counsel resulted in a longer sentence than he would have otherwise received. (See ECF No. 9, Am. Mot. to

2

Vacate Sentence by Person in Fed. Custody Pursuant to 28 U.S.C. § 2255.)  To prevail on an ineffective assistance claim, Fazio "must [first] show that counsel's representation fell below an objective standard of reasonableness," as measured against "prevailing professional norms." Strickland v. Washington, 466 U.S. 668, 688 (1984).  In addition, he must demonstrate that counsel's "deficient performance prejudiced the defense," id. at 687, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694.

"[A] section 2255 petition cannot be used to 'relitigate questions which were raised and considered on direct appeal.'" Reese v. United States, 329 F. App'x 324, 326 (2d Cir. 2009) (quoting United States v. Sanin, 252 F.3d 79, 83 (2d Cir. 2001)).  The law of the case doctrine requires, inter alia, a trial court to "follow an appellate court's previous ruling on an issue in the same case."  United States v. Quintieri, 306 F.3d 1217, 1225 (2d Cir. 2002) (citing United States v. Uccio, 940 F.2d 753, 757 (2d Cir. 1991)).[1]  This rule—commonly referred to as the "mandate rule"—"compels compliance on remand with the dictates of the superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." United States v. Ben Zvi, 242 F.3d 89, 95 (2d Cir. 2001) (emphasis in original) (quoting United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993)).

---

[1] Petitioner cites United States v. Becker to argue that application of the law of the case doctrine is a matter of discretion and thus, this Court need not apply it.  (ECF No. 17, Reply Mem. at 5.)  See also United States v. Becker, 502 F.3d 122 (2d Cir. 2007).  However, the passage upon which petitioner relies refers to application by the appellate court; it does not, as petitioner suggests, indicate that the district court may ignore a ruling of the Second Circuit at its own discretion.

3

Additionally, "restitution orders cannot be challenged through a habeas petition because a monetary fine is not a sufficient restraint on liberty to meet the 'in custody' requirement [of 28 U.S.C. § 2255(a)], even if raised in conjunction with a challenge to a sentence of imprisonment." United States v. Boyd, 407 Fed. App'x 559, 560 (2d Cir. 2011) (internal quotation omitted). The same goes for orders of forfeiture. Kaminski v. United States, 339 F.3d 84, 87 (2d Cir. 2003) ("§ 2255 may not be used to bring collateral challenges addressed solely to noncustodial punishments . . . because the language of § 2255 is best read as requiring a challenge to custody . . . [and] collateral challenges have historically been permitted through habeas only when an interest as compelling as freedom from custody is at stake.") This is the case whether or not these claims are brought in conjunction to a challenge to a custodial sentence. Id. at 89 ("Habeas lies to allow attacks on wrongful custodies. There is therefore no reason why the presence of a plausible claim against a custodial punishment should make a noncustodial punishment more amenable to collateral review than it otherwise might be.")

III.   DISCUSSION

In sum, petitioner argues that his counsel failed to contest the entirety of the loss calculation and certain forfeiture and restitution issues at his sentencing. (Am. Mot. at 2.) Petitioner's claim fails under the first prong of Strickland: the record amply demonstrates that his counsel's conduct was within the range of reasonableness. Even if that were not the case, the claim would fail under the

4

second prong of Strickland because petitioner has failed to demonstrate that his counsel's alleged failure resulted in prejudice.

As to the loss calculation argument, Fazio says his counsel was ineffective for failing to: (1) challenge the Government's documentary evidence; (2) seek a Fatico hearing; and (3) seek a Studley determination as to when Fazio's participation in the conspiracy began. However, on appeal, Fazio challenged the procedural reasonableness of the Court's loss calculation. The Second Circuit ruled that this argument had no merit. United States v. Fazio, 770 F.3d 160, 170 (2d Cir. 2014). Additionally, this Court recently adjudicated a habeas claim by Fazio's uncle and co-defendant, Anthony Fazio, Sr., and ruled that the same money laundering loss calculation was accurate—the "two-point enhancement for the obstruction of justice charge [the subject of Fazio's petition] was lawfully applied." Fazio v. United States, 2017 WL 4232574, at *6 (S.D.N.Y. Sept. 22, 2017). The law of the case doctrine thus bars this Court from entertaining relitigation of the loss calculation's accuracy. As such, it could not have been unreasonable for Fazio's counsel to fail to take the steps Fazio outlines in response to the loss calculation. "The failure to include a meritless argument does not fall outside the wide range of professionally competent assistance to which Petitioner was entitled." Aparicio v. Artuz, 269 F.3d 78, 99 & n.10 (2d Cir. 2001) (internal quotation omitted) (holding that if a claim was meritless, petitioner's trial counsel was not ineffective for failing to raise it).

Even if this claim were not meritless, and even if Fazio's counsel acted unreasonably, Fazio has not demonstrated that prejudice resulted, as the Court has

5

ruled that the loss calculation was correct (and thus would have imposed the same sentence regardless). And in any case, the guidelines are "advisory . . . and not binding on this Court. . . . [T]he Court must itself determine an appropriate offense level." (Sen. Tr. at 9:1–3.) There is no evidence that the Court might have imposed a different sentence if counsel had challenged every aspect of the loss calculation. As such, this claim would still fail under Strickland.

Separately, Fazio's challenge to the restitution and forfeiture penalties is not permitted under § 2255. Only claims regarding custodial sentences are cognizable under the statute—claims regarding forfeiture and restitution are not. As such, Fazio cannot bring a claim that his counsel was ineffective with respect to this aspect of his sentence.

IV. CONCLUSION

For the reasons set forth above, petitioner's § 2255 motion to vacate, set aside or correct his sentence is DENIED. The Clerk of Court is directed to terminate Fazio's petition at 16-cv-8529 ECF No. 1 and 11-cr-0873 ECF No. 278 and to terminate 16-cv-8529.

SO ORDERED.

Dated: New York, New York
January 10, 2018

_____
KATHERINE B. FORREST
United States District Judge